UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

L.S., on behalf of her minor child, E.S.,

Plaintiff,

v.

KENT SCHOOL DISTRICT,

Defendant.

CASE NO. 2:22-cv-01793-LK

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendant Kent School District's Motion to Dismiss. Dkt. No. 12. The District contends that L.S. did not serve the complaint or timely file it. *Id.* at 1–2. For the reasons set forth below, the Court agrees that the complaint was untimely and grants the motion.

## I. BACKGROUND

Plaintiff L.S., on behalf of her minor son E.S., seeks review of an administrative law judge's ("ALJ's") decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 *et seq*. Dkt. No. 1-1 at 2–3. L.S. contends that E.S. was denied a free and appropriate

education ("FAPE") by the Kent School District (the "District") during the 2021–2022 school year when he was 14 years old. *Id.* at 4, 13.[1]

E.S., who is eligible to receive special education services, attended school in the Kent School District until L.S. enrolled him at Academy Schools, a private school, for the 2018–19 and 2019–20 school years. Dkt. No. 1-1 at 4–5, 13. L.S. requested that the District pay for E.S.'s enrollment at Academy Schools for the 2019–2020 school year, and pursuant to a settlement agreement between the parties, the District agreed to do so for the remainder of that year. *Id.* at 5.

L.S. contends that the District delayed placing E.S. in a school for the 2021–2022 school year, so she reenrolled him in Academy Schools and requested reimbursement from the District. *Id.* at 6. The District refused and offered to place E.S. at a public school in the District. *Id.* at 6–7.

The District and L.S. were unable to agree to a resolution, and L.S. requested a due process hearing. *Id.* at 7.[2] The issues for determination included, among others, whether the individualized education programs ("IEPs") developed for E.S. for the 2021–2022 school year were inappropriate and denied him a FAPE; whether the District failed to offer E.S. an appropriate placement for that school year; and whether the private school services L.S. obtained for her son were appropriate. Dkt. No. 1-1 at 11–12. A hearing was conducted, and both sides presented witnesses, evidence, and post-hearing briefs. *Id.* at 10–11. The ALJ issued a lengthy decision that included detailed findings of fact and conclusions of law. *Id.* at 10–41. Ultimately, the ALJ concluded that L.S. "has not proved by a preponderance of the evidence that the Kent School District violated the

---

[1] When ruling on a Rule 12(b)(6) motion to dismiss, a court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court therefore considers the ALJ's decision attached to the complaint. Dkt. No. 1-1 at 10–41.

[2] The IDEA provides that aggrieved parents may file a complaint and request an "impartial due process hearing" to be conducted "by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A).

Individuals with Disabilities Education Act, or that she is entitled to any remedies or relief." *Id.* at 40. Accordingly, the ALJ denied L.S.'s requested remedies. *Id.*

The decision contained the following notice of "Right To Bring A Civil Action Under The IDEA":

> Pursuant to 20 U.S.C. 1415(i)(2), any party aggrieved by this final decision may appeal by filing a civil action in a state superior court or federal district court of the United States. The civil action must be brought within ninety days after the ALJ has mailed this final decision to the parties. The civil action must be filed and served upon all parties of record in the manner prescribed by the applicable local state or federal rules of civil procedure. A copy of the civil action must be provided to [the Office of the Superintendent of Public Instruction ("OSPI")], Administrative Resource Services.

*Id.* The decision was issued and served on the parties on August 19, 2022. *Id.* at 41 (declaration of service under penalty of perjury).

L.S. filed this action pro se on November 18, 2022 in the King County Superior Court. *Id.* at 2. She seeks an order "[r]eversing the office of Administrative Hearing['s] final decision" and "any further relief this court deems proper." *Id.* at 8. She emailed a copy of the Complaint to the District's superintendent, which was received on November 22, 2022, but she did not serve the superintendent with either the complaint or a summons. Dkt. No. 1 at 2; Dkt. No. 12 at 3. The District promptly removed the matter. Dkt. No. 1.

## II. DISCUSSION

The Court has jurisdiction over Plaintiffs' claims because they arise under the IDEA. 28 U.S.C. § 1331; 20 U.S.C. § 1415(i)(3)(A) ("The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy."). The District has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" When evaluating a motion filed under that rule, the Court accepts as true all factual allegations in the

complaint and construes them in the light most favorable to the nonmoving party. *Gonzalez v. Google LLC*, 2 F.4th 871, 885 (9th Cir. 2021), *vacated on other grounds,* 143 S. Ct. 1191 (2023).

The District moves to dismiss the action, contending that "[t]he IDEA and Washington law both provide that any action seeking review of such a decision shall be filed within 90 days," and L.S. filed this action 91 days after the date of the ALJ's decision. Dkt. No. 12 at 1. The District also contends that L.S. failed to properly serve it. *Id.*

Although the District conferred with L.S. prior to filing the motion, Dkt. No. 12 at 13, L.S. did not respond to the motion, which the Court construes as an admission that it has merit, LCR 7(b)(2). Even without that admission, the Court finds the motion meritorious.

**A. The Complaint Is Untimely**

The IDEA provides that a party dissatisfied with an ALJ's decision following a due process hearing "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). The statute also contains a limitations period: "The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part in such time as the State law allows." *Id.* § 1415(i)(2)(B). Washington has adopted the same 90-day limitations period to file a civil action for review of an ALJ's decision. Wash. Admin. Code § 392-172A-05115(1)–(2).

Under the plain language of the IDEA, the ninety-day period in which a party must file a civil action runs from the date of the hearing officer's decision. 20 U.S.C. § 1415(i)(2)(B) ("The party bringing the action shall have 90 days *from the date of the decision of the hearing officer* to bring such an action.") (emphasis added). The IDEA "requires a party to act within ninety days

from the date of the [decision] and is not dependent on receipt or service of that decision." *R.P. v. Dist. of Columbia*, 474 F. Supp. 2d 152, 153 (D.D.C. 2007), *aff'd*, 276 F. App'x 1 (D.C. Cir. 2008).[3] Here, the ALJ issued the decision on August 19, 2022, Dkt. No. 1-1 at 41, and the 90-day period began to run on that day.

The IDEA does not include its own time computation rules, so the Court applies the time computation rules in Federal Rule of Civil Procedure 6. *See* Fed. R. Civ. P. 6(a) (setting forth the rules that apply "in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time."); *R.P.*, 276 F. App'x at 1 (applying Rule 6's time computation rules to an IDEA case). Counting every day starting with the day after the decision was issued, the 90-day period ended on November 17, 2022, and because that day was a non-holiday Thursday, the time period was not extended past that day. Fed. R. Civ. P. 6(a)(1) (to calculate a time period stated in days, exclude the day that triggers the period, "count every day, including intermediate Saturdays, Sundays, and legal holidays," and include the last day of the time period unless it is a Saturday, Sunday, or legal holiday). Therefore, this action is timely only if it was commenced on or before November 17, 2022.

In Washington, "a civil action is commenced by service of a copy of a summons together with a copy of a complaint . . . or by filing a complaint." Wash. Superior Ct. Civ. R. 3(a); *see also* Wash. Rev. Code § 4.28.020 (state courts have jurisdiction over cases "[f]rom the time of commencement of the action by service of summons, or by the filing of a complaint[.]"). L.S. has not served summons on the District. Dkt. No. 1 at 2; Dkt. No. 12 at 3. In the absence of an earlier service date, this action was commenced on November 18, 2022 when L.S. filed the complaint in

[3] The Court in *R.P.* rejected the plaintiffs' argument that they were entitled to additional time to act after service of the complaint. *R.P.*, 276 F. App'x at 1 (rejecting argument that Fed. R. Civ. P. 6(e) granted plaintiffs additional time to act because "under the plain language of the IDEA, the 90-day period in which a party must file a civil action runs from the date of the hearing officer's decision, rather than from the date of service or notice.").

the King County Superior Court. Dkt. No. 1-1 at 2; Wash. Superior Ct. Civ. R. 3(a). That filing, however, was one day late and untimely under the plain language of 20 U.S.C. § 1415(i)(2)(B) and Wash. Admin. Code § 392-172A-05115(2). The complaint is thus subject to dismissal absent some basis for excusing the late filing. *R.P.*, 474 F. Supp. 2d at 154 (dismissing IDEA complaint filed one day late); *Maynard v. Dist. of Columbia*, 579 F. Supp. 2d 137, 141–43 (D.D.C. 2008) (granting motion to dismiss late filed complaint); *see also B.B. v. Tacoma Sch. Dist.*, No. 08–5512-RJB, 2009 WL 159204, at *3 (W.D. Wash. Jan. 22, 2009) (granting motion for summary judgment when plaintiffs filed their complaint beyond the 90-day period and thus "lost the right to bring a civil action in this Court.").

**B.     There Is No Basis to Disregard the Statutory Time Limit**

L.S. has not advanced any reason to disregard the statutory time limit, and none is apparent from the record. The Ninth Circuit has not ruled on whether the statute of limitations in the IDEA is jurisdictional, and other courts have reached conflicting positions. *Compare Wall Twp. Bd. of Educ., v. C.M.*, 534 F. Supp. 2d 487, 493 (D.N.J. 2008) (concluding that "Congress intended for Section 1415(i)(2)(B) to be treated as a statute of limitations subject to waiver, estoppel, and equitable tolling" rather than jurisdictional), *B.R. v. Prosser Sch. Dist. No. 116*, No. CV-08-5025-RHW, 2010 WL 723782, at *2 (E.D. Wash. Feb. 26, 2010) (finding that "the IDEA exhaustion requirement is not jurisdictional"), *and Ogden on behalf of Ogden v. Granite Sch. Dist.*, No. 2:22-CV-00331, 2023 WL 2665719, at *4 (D. Utah Mar. 28, 2023) (concluding that "the IDEA's deadline for filing a civil action is nonjurisdictional—particularly where, as here, the applicable deadline was created by state law"); *with C.B. v. Argyle Indep. Sch. Dist.*, No. 4:11-cv-619, 2012 WL 695834, at *5 (E.D. Tex. Feb. 7, 2012) (holding that the IDEA's 90-day deadline was "mandatory and jurisdictional"), *report and recommendation adopted*, 2012 WL 695833 (E.D.

Tex. Mar. 1, 2012). The District assumed solely for purposes of its motion that the IDEA's time limit is not jurisdictional and moved to dismiss under Rule 12(b)(6). Dkt. No. 12 at 5–6.

Even if the Court also assumes that the 90-day time period is not jurisdictional, this case presents no basis to find a waiver or to apply equitable estoppel or equitable tolling. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (explaining that litigants are entitled to equitable tolling only upon showing that they have "been pursuing [their] rights diligently, and . . . that some extraordinary circumstance stood in [their] way" that prevented timely filing); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) (declining to apply equitable estoppel or equitable tolling when plaintiff was not affirmatively misled by a government official or unaware of the appropriate administrative procedures).

Nor does L.S.'s pro se status entitle her to disregard the statutory time period. Although courts construe pro se complaints liberally, pro se plaintiffs do not have greater rights than plaintiffs represented by counsel. *Jacobson v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986). This means that they "are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Therefore, L.S. was required to comply with the statutory time limit. Because she did not, dismissal is warranted.[4]

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the District's motion to dismiss. Dkt. No. 12.

Dated this 31st day of October, 2023.

Lauren King
United States District Judge

[4] Because dismissal is warranted based on the untimely filing of the complaint, the Court does not consider the District's additional argument for dismissal based on the lack of service.